**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DI REED | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-3942 |
| | § | |
| JOI MARSHALL, TONYA HARRIS P/K/A | § | |
| TONYA KELLY, MYRACLE | § | |
| HOLLOWAY, OLASHENI WILLIAMS | § | |
| A/K/A SHANE WILLIAMS, and YUNG | § | **JURY TRIAL DEMANDED** |
| FLY ENTERTAINMENT, INC., | § | |
|     *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Di Reed ("Plaintiff"), alleges and complains, on knowledge as to her own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for infringement of Plaintiff's famous federally-registered service mark "JADE" under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of unfair competition, dilution, and misappropriation of Plaintiff's valuable right of publicity under the statutory and common laws of the State of Texas, arising from the Defendants' unauthorized use of the mark "JADE" in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendants live entertainment services and unauthorized use of Plaintiff's celebrity identity therewith.

2.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Personal jurisdiction in this district is proper because, among other reasons, Defendants have solicited and conducted business in the State of Texas thereby purposefully availing itself of the privilege of acting in the State of Texas. Personal jurisdiction is also proper under Texas's long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042, because (i) Defendants contracted with a Texas resident to perform a contract in Texas, and (ii) Defendants have committed a tort in whole or in part while in Texas.

## VENUE

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6.      Plaintiff Di Reed is an individual who resides in Los Angeles, California.

7.      Upon information and belief, Defendant Joi Marshall ("Marshall") is an individual who resides in Atlanta, Georgia. Defendant Marshall is an original member of the music recording group Jade.

8.      Upon information and belief, Defendant Tonya Harris p/k/a Tonya Kelly ("Harris") is an individual who resides in Chicago, Illinois. Defendant is an original member of the music recording group Jade.

9.      Upon information and belief, Defendant Myracle Holloway ("Holloway") is an individual who resides in Atlanta, Georgia. Upon information and belief, Defendant Holloway is a vocal performer providing and advertising live entertainment services under the service mark "JADE" which are not authorized by Plaintiff.

10.     Upon information and belief, Defendant Olasheni Williams is an individual who resides in Chicago, Illinois. Upon information and belief, Defendant Williams is the owner and principal of Defendant Yung Fly Entertainment, Inc., a concert promotion company.

11.     Upon information and belief, Defendant Yung Fly Entertainment, Inc. ("Yung Fly") is a corporation that is incorporated in the State of Illinois and has its principal place of business in Chicago, Illinois. Upon information and belief, Defendant Yung Fly is a concert promotion company which has promoted concerts using the service mark "JADE" in this district without authorization of Plaintiff.

**FACTS**

12.     In 1991, Plaintiff Reed and Defendants Marshall and Harris formed the R&B recording group "Jade". For nearly thirty (30) years, the group has been synonymous with the sound of early 90's female R&B, along with the likes of TLC, Xscape, and SWV. In the years that followed, Jade saw remarkable success with their music, breaking the *Billboard* Hot 100 with several single releases. The group's single "Don't Walk Away" was certified Gold by the RIAA in 1993; their first studio album "Jade to the Max" was certified Platinum in 1994; and their second studio album, "Mind, Body & Song," was certified Gold in 1995.

13.     In addition to the group's successful string of hit records, Jade appeared as a group in film and television between 1993 and 1995, including BET's "Listening Party Live," the Arsenio Hall Show, the Tonight Show, Soul Train, the film "The Inkwell," and an episode of "Beverley Hills 90210" where they performed a song from their second studio album.

14.     Following the departure of Defendant Harris in 1995, the three members of Jade parted ways and pursued individual career paths. Since the dissolution of the band in 1995, Plaintiff continued performing as a vocalist in connection with various high-profile pop and gospel projects. Upon information and belief both Defendants Marshall and Harris continued working on their own projects,

including those as recording artists. Upon information and belief, none of the members of Jade appeared in concert or on a recording as "Jade," nor did any member hold herself out to be "Jade."

15.     Beginning in 2019, Plaintiff and Defendants Marshall and Harris began to plan a reunion tour. In connection with the reunion tour the three members filed, at Plaintiff's insistence, a trademark application to register their famous service mark "JADE" with the United States Patent and Trademark Office. On November 26, 2018, they filed an application with each of Plaintiff and Defendants Marshall and Harris listed as joint owners of the mark.

16.     On June 25, 2019, the United States Patent and Trademark Office passed the application for the mark "JADE" to registration, issuing Trademark Registration No. 5787227 identifying "entertainment services in the nature of live musical performances; entertainment services, namely, dance events by a recording artist; entertainment, namely, live performances by a musical band; entertainment services by a musical artist and producer, namely, musical composition for others and production of music sound recordings," in Class 41 (the "JADE Mark"). A true and correct copy of the trademark registration is attached hereto as Exhibit A.

17.     As a result of this exclusive and widespread use of the JADE Mark in connection with performances and recordings, the group has generated substantial goodwill in the mark, which is distinctive in the minds of consumers and famous throughout the United States. As a result of its distinctiveness and widespread exclusive use and promotion throughout the United States, the JADE Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendants alleged herein.

18.     Between February 2021 and April 2021, Plaintiff and Defendants Marshall and Harris continued to discuss and plan their reunion along with Jade's original producers Vassel Benton and Ron

Spearman. However, following the initial conversations with Defendant Harris, Mr. Benton, and Mr. Spearman, Plaintiff stopped receiving correspondence about the reunion.

19.     In July 2021, Plaintiff first learned that Defendants Marshall and Harris in fact moved forward with touring plans, albeit without her involvement. Plaintiff received correspondence from friends and family that "Jade" was going back on tour as part of Defendants Williams and Yung Fly's "90's Kickback Concert" tour.

20.     To add insult to injury, Plaintiff discovered that not only had Defendants Marshall, Harris, Williams, and Yung Fly adopted the identical JADE Mark to promote performances of Defendants Marshall and Harris without her, but they had replaced Plaintiff in the trio of singers with Defendant Holloway. None of the Defendants sought authorization to use the JADE Mark from Plaintiff, nor did they at any time inform Plaintiff that they would promote concerts as Jade without her.

21.     Upon information and belief, Defendants Williams and Yung Fly adopted the identical JADE Mark in the promotion, advertising, and sale of tickets for performances of a counterfeit version of the musical group Jade (the "Infringing Mark").

22.     Upon information and belief, Defendants Williams and Yung Fly have and continue to market, advertise, and promotion live entertainment services by a musical group under the Infringing Mark, which are identical to those provided by Plaintiff under the JADE Mark. True and correct copies of the advertisements for performances scheduled for November 20, 2021, November 27, 2021, and December 3, 2021, showing Defendants' uses of the Infringing Mark are attached hereto as Exhibit B and incorporated herein by reference for all purposes.

23.     On October 6, 2021, through counsel, Plaintiff sent cease and desist letters to Defendants Marshall, Harris, Williams, Yung Fly, and Holloway, demanding, *inter alia*, that they cease using the "JADE" trademark co-owned by Plaintiff to promote, advertise, and provide entertainment services which

Plaintiff is not involved in and did not authorize. True and correct copies of the cease-and-desist letters sent to Defendants on October 6, 2021 are attached hereto as Exhibit C and incorporated herein by reference for all purposes.

24.     Defendants acknowledged the correspondence but ultimately ignored it.

25.     On November 2, 2021, through counsel, Plaintiff sent follow-up correspondence requesting the cessation of Defendants' activities which, by that date, had the effect of confusing fans of Jade as to the group's legitimacy given the fact that Plaintiff was clearly not involved. Again, Defendants ignored the demand. True and correct copies of the email correspondence sent to Defendants on November 2, 2021 are attached hereto as Exhibit D and incorporated herein by reference for all purposes.

26.     Upon information and belief, on November 20, 2021, through Defendants Williams and Yung Fly's promotional efforts, Defendants Marshall, Harris, and Holloway performed under the JADE Mark at the "90's Kickback Concert" event held at the Miller High Life Theater in Milwaukee, Wisconsin.

27.     Upon information and belief, on November 27, 2021, through Defendants Williams and Yung Fly's promotional efforts, Defendants Marshall, Harris, and Holloway performed under the JADE Mark at the "90's Kickback Concert" event held at the James L. Knight Center in Miami, Florida.

28.     Presently, through Defendants Williams and Yung Fly, Defendants continue to promote a third "90's Kickback Concert" event to be held on December 3, 2021 at the Arena Theater in Houston, Texas.

29.     Upon information and belief, Defendants continue to present Defendants Marshall, Harris, and Holloway as the group "Jade" under the registered JADE Mark to the public. Nevertheless, Defendants Marshall and Harris have not accounted to Plaintiff for any portion of the profits they have generated from use of the JADE Mark.

30.     Upon information and belief, Defendant Holloway is using the JADE Mark as a source identifier of her own entertainment and live performance services. However, Defendant Holloway has not sought or received any authorization from Plaintiff to do so.

31.     Upon information and belief, Defendants Williams and Yung Fly continue to promote live performance services under the JADE Mark, falsely implying that Plaintiff, as a co-owner of the mark, is affiliated or sponsors the services, generating significant and irreparable harm to the service mark and rampant and unaddressed consumer confusion among the relevant consumers.

32.     Upon information and belief, Defendant Holloway has and continues to provide live entertainment services under the Infringing Mark without authorization, falsely indicating a connection between herself and Plaintiff in the minds of consumers.

33.     Upon information and belief, Defendants Marshall and Harris have and continue to exercise control over Defendants Williams, Yung Fly, and Holloway and the latter Defendants' use of the Infringing Mark.

34.     Upon information and belief, Defendants Marshall and Harris have and continue to obtain direct financial benefits from Defendants Williams, Yung Fly, and Holloway's uses of the Infringing Mark.

35.     Upon information and belief, Defendants Marshall and Harris, through their actions of forming and continuing to promote a fake version of Jade, have intentionally induced Defendants Williams Yung Fly, and Holloway to directly infringe upon Plaintiff's rights in the JADE Mark.

36.     Upon information and belief, at the November 20, 2021 and November 27, 2021 performances, Defendants Marshall, Harris, Holloway, Williams, and Yung Fly conspired to and did use recordings of Plaintiff's voice in the unauthorized performances by Defendants Marshall, Harris, and

Holloway, without the authorization of Plaintiff, further adding to the likelihood that consumers will be confused by Plaintiff's lack of participation in the events.

37.     Upon information and belief, the use by Defendants of Plaintiff's voice at the November 20, 2021 and November 27, 2021 was not merely incidental or for newsworthy purposes. Instead, it was purposefully intended to evoke Plaintiff at the performance.

38.     Upon information and belief, Defendants obtain substantial commercial benefits through guarantees, the sales of tickets, and/or the sales of merchandise at the November 20, 2021 and November 27, 2021 events.

39.     Upon information and belief, it is Defendants' intention to use Plaintiff's voice at the December 3, 2021 event for the same commercial purposes as those of the November 20, 2021 and November 27, 2021 events.

40.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' live entertainment and performance services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' entertainment services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

41.     Defendants' actions have resulted in actual confusion as evidenced by multiple communications to Plaintiff directly and through social media about her participation in the "90's Kickback Concert" events, and the authenticity of the fake Jade group purporting to be scheduled to perform at them. Further, Plaintiff is aware of at least one instance where consumers in the relevant marketplace purchased tickets to one of the "90's Kickback Concert" events expecting Plaintiff to be in attendance to perform.

42.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff, to her valuable reputation and goodwill, and to the JADE Mark with the consuming public for which Plaintiff has no adequate remedy at law.

43.     Although Plaintiff has attempted to resolve this matter without the intervention of the court, the willful abridgment of Plaintiff's trademark and publicity rights continues unabated. For this reason, Plaintiff was forced to hire an attorney and file the present Complaint.

### COUNT 1 – FEDERAL SERVICE MARK INFRINGEMENT AGAINST DEFENDANTS WILLIAMS, YUNG FLY, AND HOLLOWAY

44.     Plaintiff repeats and realleges paragraphs 1 through 43 hereof, as if fully set forth herein.

45.     Defendants Williams, Yung Fly, and Holloway's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46.     Upon information and belief, Defendants Williams, Yung Fly, and Holloway have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the JADE Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

47.     Defendants Williams, Yung Fly, and Holloway's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

48.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants Williams, Yung Fly, and Holloway's profits, enhanced damages and profits, reasonable

attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 2 – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN AGAINST ALL DEFENDANTS

49.     Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

51.     Defendants' unauthorized use of Plaintiffs voice and likeness in commerce as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated or sponsored by Plaintiff.

52.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact. Specifically, by advertising and promoting services in commerce provided by Defendant Holloway under a mark identical to that of Plaintiff's JADE Mark, Defendants are misrepresenting that the services originate from Plaintiff.

53.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

54.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to her goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

56.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 3 – FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING AGAINST ALL DEFENDANTS

57.     Plaintiff repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

58.     Defendants' unauthorized use of Plaintiff's JADE Mark, as alleged herein, in conjunction with the promotion and provision of live entertainment services constitutes unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Defendants' false statements, misrepresentations, and omissions concerning the nature of the services rendered under a mark identical to Plaintiff's JADE Mark, including that Defendant Holloway is a member of the group Jade, that the performances promoted and provided by Defendants are those of the group Jade, and the failure to correct the implication in the minds of consumers purchasing tickets to see Plaintiff perform, are material in that the false statements, misrepresentations, and omissions are likely to influence and have influenced the purchasing decisions of consumers.

60.     Defendants' false statements, misrepresentations, and omissions, as alleged herein, have violated and continue to violate the Lanham Act in that they have actually deceived or have the tendency

to deceive a substantial segment of the public that Defendants are targeting with their advertising and promotional materials.

61.     Alternatively, because Defendants' statements are literally false, there is a presumption under the Lanham Act that the statements actually misled, and continue to mislead, consumers.

62.     Defendants violated the Lanham Act by placing in interstate commerce the false and/or misleading statements throughout various advertising and promotional materials.

63.     Defendants' acts, as alleged herein, have been willful, wanton, malicious, undertaken in bad faith, and with the intent to deceive, misrepresent, harm, and damage Plaintiff.

64.     As a direct and proximate result of Defendants' false statements, misrepresentations, and omissions in their misleading advertising and promotions, Plaintiff has suffered, is suffering, and will continue to suffer damages.

## COUNT 4 – FEDERAL SERVICE MARK DILUTION AGAINST DEFENDANTS WILLIAMS, YUNG FLY, AND HOLLOWAY

65.     Plaintiff repeats and realleges paragraphs 1 through 64 hereof, as if fully set forth herein.

66.     Plaintiff's JADE Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

67.     Plaintiff's JADE Mark became distinctive and famous prior to the acts of Defendants Williams, Yung Fly, and Holloway as alleged herein.

68.     Defendants Williams, Yung Fly, and Holloway's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous JADE Mark.

69.     Defendants Williams, Yung Fly, and Holloway's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

70.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendants Williams, Yung Fly, and Holloway's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 5 – CONTRIBUTORY TRADEMARK INFRINGEMENT AGAINST DEFENDANTS MARSHALL AND HARRIS

71.     Plaintiff repeats and realleges paragraphs 1 through 70 hereof, as if fully set forth herein.

72.     With full knowledge of Plaintiff's rights in the JADE Mark, and after being warned repeatedly that Defendants Marshall and Harris's conduct and/or the conduct of third parties with whom Defendants have associated constitute infringement, Defendants have participated in or otherwise knowingly contributed to the use, reproduction, and/or imitation of the federally registered JADE Mark by third parties in connection with the sale, offering for sale, distribution, or advertising of services in interstate commerce on their behalf. Specifically, Defendants Marshall and Harris performed in concerts and appeared in advertising knowing they were being promoted in ways that misused the JADE Mark.

73.     Upon information and belief, Defendants Marshall and Harris have profited from the acts of infringement by third parties by performing at the "90's Kickback Concert" events and receiving payment therefor.

74.     Defendants Marshall and Harris's contributory conduct in connection with the unauthorized and unlawful acts of their third-party agents, partners, and associates, has enabled Defendants to trade unlawfully upon Plaintiff's established goodwill and reputation. Defendants are, thereby, unjustly enriching themselves at the expense of and to the damage and injury of Plaintiff.

75.     The unauthorized use of the JADE Mark by Defendants and/or their third-party agents, partners, and associates, as described herein, and specifically Defendants Williams, Yung Fly, and

Holloway, constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

76.     Defendants Marshall and Harris's contributory infringement is causing immediate and irreparable harm and injury to Plaintiff, and to her goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

77.     Plaintiff has been damaged by Defendants Marshall and Harris's foregoing contributory infringement, and she has suffered and will continue to suffer monetary damages thereby.

78.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants Marshall and Harris's profits, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 6 – VICARIOUS TRADEMARK INFRINGEMENT AGAINST DEFENDANTS MARSHALL AND HARRIS

79.     Plaintiff repeats and realleges paragraphs 1 through 78 hereof, as if fully set forth herein.

80.     Defendants have the right and ability to control the content and appearance of advertising and promotional materials published and distributed on their behalf by third-party agents or promoters, including Defendants Williams and Yung Fly, in connection with the sale, offering for sale, distribution, or advertising of Defendants Marshall and Harris's services in interstate commerce.

81.     The use of the JADE Mark by Defendants Marshall and Harris's third-party agents, including Defendants Williams and Yung Fly, as described herein, as caused confusion among consumers, and constitutes infringement of Plaintiff's JADE Mark.

82.     Defendants Marshall and Harris receive a direct financial benefit from the unauthorized use of the JADE Mark by such third parties.

83.     Defendants Marshall and Harris are therefore vicariously liable for the infringing use of the JADE Mark by their third-party agents, including Defendants Williams and Yung Fly.

84.     Defendants Marshall and Harris's vicarious infringement is causing immediate and irreparable harm and injury to Plaintiff, and to her goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

85.     Plaintiff has been damaged by Defendants Marshall and Harris's foregoing vicarious infringement, and she has suffered and will continue to suffer monetary damages thereby.

86.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants Marshall and Harris's profits, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 7 – MISAPPROPRIATION OF RIGHT OF PUBLICITY AGAINST ALL DEFENDANTS

87.     Plaintiff repeats and realleges paragraphs 1 through 86 hereof, as if fully set forth herein.

88.     Plaintiff has a commercial interest in her celebrity identity, including her name, voice, picture, performing style, distinctive characteristics, and other indicia of her person.

89.     Defendants' acts, as alleged herein, constitute use of Plaintiff's likeness and/or recordings of Plaintiff's voice in the promotion and provision of their live entertainment services under the Infringing Mark, for the value associated with it without authorization from Plaintiff.

90.     Defendants' unauthorized use of Plaintiff's likeness and/or recordings of Plaintiff's voice in the promotion and provision of their live entertainment services under the Infringing Mark, as alleged herein, were not in a merely incidental manner or for any newsworthy purpose.

91.     Plaintiff is identifiable in Defendants' unauthorized uses of Plaintiff's likeness and/or recordings of Plaintiff's voice in the promotion and provision of their live entertainment services under the Infringing Mark.

92.     Upon information and belief, Defendants have obtained commercial benefits in connection with the unauthorized use of Plaintiff's likeness and/or Plaintiff's voice in the promotion and provision of their live entertainment services under the Infringing Mark through ticket sales to Defendants' "90's Kickback Concert" events.

93.     Defendants' acts, as alleged herein, constitute misappropriation, for their commercial benefit, of the likeness of Plaintiff. *Benevidez v. Anheuser Busch, Inc.*, 873 F.2d 102, 104 (5th Cir. 1989).

94.     Defendants' conduct as alleged herein has caused and continues to cause immediate and irreparable harm and injury to Plaintiff, her goodwill and reputation, and her right to exercise exclusive control over her identity and intent to prevent association with Defendants' infringing services and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

95.     Defendant's acts, as alleged herein, were willful and resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code 41.003(a)(2).

96.     Plaintiff is entitled to, among other relief, an award of general, special damages, and punitive damages she may prove before a trier of fact. *Brown v. Ames*, 53 U.S.P.Q.2d 1676 (5th Cir. 2000).

## COUNT 8 – COMMON LAW TRADEMARK INFRINGEMENT AGAINST DEFENDANTS WILLIAMS, YUNG FLY, AND HOLLOWAY

97.     Plaintiff repeats and realleges paragraphs 1 through 96 hereof, as if fully set forth herein.

98.     Defendants Williams, Yung Fly, and Holloway's acts, as alleged herein, constitute trademark infringement under the common law of the State of Texas.

99.     Defendants Williams, Yung Fly, and Holloway's acts, as alleged herein, entitle Plaintiff to recover her damages and costs of this action, together with an accounting of profits made by Defendants on sales to the public of services under the Infringing Mark.

100.    Defendants Williams, Yung Fly, and Holloway's acts, as alleged herein, have been malicious and calculated to injure Plaintiff.

101.    The willful, wanton, and malicious nature of Defendants Williams, Yung Fly, and Holloway's acts, as alleged herein, entitles Plaintiff to an award of her reasonable attorney's fees and exemplary damages against Defendants.

102.    Defendants Williams, Yung Fly, and Holloway's conduct as alleged herein has caused and continues to cause immediate and irreparable harm and injury to Plaintiff and to her goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

103.    Under the common law of the State of Texas, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants Williams, Yung Fly, and Holloway's continuing trademark infringement.

## COUNT 9 – COMMON LAW UNFAIR COMPETITION AGAINST ALL DEFENDANTS

104.    Plaintiff repeats and realleges paragraphs 1 through 103 hereof, as if fully set forth herein.

105.    Defendants' acts, as alleged herein, constitute unfair competition under the common law of the State of Texas.

106.    Defendant's acts of unfair competition entitle Plaintiff to recover her damages and costs of this action, together with an accounting of profits made by each Defendant on sales to the public of services under the Infringing Mark.

107.    Defendants' acts of unfair competition have been malicious and calculated to injure Plaintiff.

108.    The willful, wanton, and malicious nature of Defendants' acts, as alleged herein, entitles Plaintiff to an award of her reasonable attorney's fees and exemplary damages against Defendants.

109.    Defendants' acts of unfair competition have caused and continue to cause immediate and irreparable harm and injury to Plaintiff and to her goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

110.    Under the common law of the State of Texas, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continuing acts of unfair competition.

## COUNT 10 – STATUTORY DILUTION UNDER TEXAS BUSINESS & COMMERCE CODE § 16.103 AGAINST ALL DEFENDANTS

111.    Plaintiff repeats and realleges paragraphs 1 through 110 hereof, as if fully set forth herein.

112.    Plaintiff's JADE Mark is distinctive and a "famous mark" within the meaning of TEX. BUS. & COMM. CODE. § 16.103.

113.    50. Plaintiff's JADE Mark became distinctive and famous prior to the wrongful acts of Defendants', as alleged herein.

114.    Defendants' use of the Infringing Mark is likely to dilute the distinctive quality of Plaintiff's JADE Mark or to injure Plaintiff's business reputation.

115.    Defendant's acts, as alleged herein, constitute trademark dilution in violation of TEX. BUS. & COMM. CODE § 16.103.

116.    Such dilution is irreparably injuring the goodwill and business reputation of Plaintiff and unless enjoined by this Court will continue to do so.

117.    Pursuant to TEX. BUS. & COMM. CODE § 16.103, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continuing dilution of Plaintiff's JADE Mark.

**COUNT 11 – ACCOUNTING AGAINST DEFENDANTS MARSHALL AND HARRIS**

118.    Plaintiff repeats and realleges paragraphs 1 through 117 hereof, as if fully set forth herein.

119.    Under state common law, Plaintiff is entitled to an order requiring Defendants Marshall and Harris to render an accounting to ascertain the amount of such proceeds Defendants have obtained by their wrongful conduct, as described herein.

120.    Defendants Marshall and Harris are joint-owners of the JADE Mark and must account to Plaintiff for any profits received due to use of the JADE Mark.

121.    Defendants Marshall and Harris have failed to account for any profits derived from their use of the JADE Mark, whether or not that use has been to the exclusion of Plaintiff.

122.    Defendants Marshall and Harris's conduct is contrary to honest practice in commercial matters and violates Texas common on law unjust enrichment, misappropriation, and unfair competition.

123.    Upon information and belief, Defendants Marshall and Harris have performed twice under the JADE Mark and have received financial benefits from its use thereby.

124.    Upon information and belief, Defendants Marshall and Harris have engaged in addition undisclosed and as-yet undiscovered transactions and agreements involving use of the JADE Mark for which Defendants have been compensated.

125.    Plaintiff is entitled to an order requiring Defendants Marshall and Harris to account to Plaintiff with respect to all compensation or proceeds paid or payable to them with respect to the use of the JADE Mark in commerce, and for an order requiring Defendants to provide to Plaintiff their complete, detailed books and records of account concerning their use, and the use by their third-party representatives, of the JADE Mark.

## DEMAND FOR JURY TRIAL

126.    Plaintiff respectfully requests a trial by jury for all triable issues of all claims alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    Enter judgment in favor of Plaintiff against Defendants on all claims and relief hereinabove requested.

2.    Order that Defendants Williams, Yung Fly, and Holloway, and any person or entity acting in concert with or under their supervision, be preliminarily and permanently enjoined from:

a.   distributing, selling, marketing, advertising, promoting, or authorizing any third party to distribute, sell, market, advertise or promote live entertainment services bearing the JADE Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof;

b.   engaging in any activity that infringes Plaintiff's rights in in the JADE Mark;

c.   engaging in any activity constituting unfair competition with Plaintiff;

d.   engaging in any activity which appropriates the celebrity and likeness of Plaintiff for a commercial benefit other than that which is of an incidental or newsworthy manner;

e.   engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's JADE Mark;

f.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' live entertainment services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's live entertainment services are in any manner approved, endorsed, licensed, sponsored,

authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

g.  using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

h.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the JADE Mark or any other mark that infringes or is likely to be confused with the JADE Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

i.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

3.  Order that Defendants Marshall and Harris, and any person or entity acting in concert with or under their supervision be preliminarily and permanently enjoined from:

a.  directly or indirectly contributing to, benefitting form, or inducing any third-party distribution, sale, marketing, advertisement, or promotion of live entertainment services bearing the JADE Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof without the inclusion of Plaintiff as a source of such services or without first obtaining the express written authorization by Plaintiff;

b.  engaging in any activity constituting unfair competition with Plaintiff;

c.  engaging in any activity which appropriates the celebrity and likeness of Plaintiff for a commercial benefit other than that which is of an incidental or newsworthy manner;

d.  engaging in any activity that is likely to dilute the distinctiveness of the JADE Mark;

e.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) live entertainment services rendered under the JADE Mark without the inclusion of Plaintiff as a source are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's live entertainment services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with any live entertainment services Defendants without Plaintiff's involvement;

f.  using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the JADE Mark or any other mark that infringes or is likely to be confused with Plaintiff's JADE Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants without the inclusion of Plaintiff as a source are in any way approved, endorsed,

licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

5.      Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, tickets, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the JADE Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof, and for which Plaintiff is not involved as a source of the services promoted, advertised or marketed therewith, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' infringing services for which Plaintiff is not involved as a source to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, tickets, advertisements, signs, displays, and other materials featuring or bearing the JADE Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof, and to immediately remove them from public access and view.

6.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which each Defendant has complied therewith.

7.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

8.     Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

9.     Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

10.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

11.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

12.     Awarding Plaintiff her reasonable and necessary attorney's fees and costs.

13.     Awarding such other and further relief as the Court deems just and proper.

Date:  December 2, 2021                     Respectfully submitted,

                                            By:    /s/ Justen S. Barks
                                                Justen S. Barks
                                                State Bar No. 24087142
                                                Beard & Barks PLLC
                                                3000 Weslayan, Suite 335
                                                P.O. Box 22171
                                                Houston, Texas 77227
                                                (832) 317-6761 (Tel.)
                                                jbarks@beardandbarks.com

                                                ATTORNEY FOR PLAINTIFF
                                                DI REED