UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DI REED<br>   *Plaintiff,* | § § § § | |
| | § | Civil Action No. 4:21-cv-03942 |
| v. | § § | |
| | § | **Judge: Sim Lake** |
| JOI MARSHALL, TONYA HARRIS<br>P/K/A TONYA KELLY, MYRACLE<br>HOLLOWAY, OLASHENI WILLIAMS<br>A/K/A SHANE WILLIAMS, and YUNG<br>FLY ENTERTAINMENT, INC.,<br>   *Defendants* | § § § § § § § | |

**DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM**

The Defendants, Joi Marshall ("Marshall"), Tonya Harris ("Harris"), Myracle Holloway ("Holloway"), Olasheni Williams ("Shane"), and Yung Fly Entertainment, Inc. ("Yung Fly"), herein referred to as "Defendants" responding to the Original Complaint of Plaintiff Di Reed ("Reed"), would respectfully show unto the Court:

### I.   FOR A FIRST DEFENSE

Each and every allegation of the Original Complaint not hereinafter expressly admitted is denied.

    1.    The allegations of paragraph 1 of the Original Complaint are denied.

    2.    The allegations of paragraph 2 of the Original Complaint are denied.

    3.    The allegations of paragraph 3 of the Original Complaint are admitted.

    4.    In response to the allegations of paragraph 4 of the Original Complaint, the Defendants maintain that they are subject to personal jurisdiction in the State of Texas pursuant to

TEX. CIV. PRAC. & REM. CODE §17.042(1). However, the Defendants deny committing any tort in whole or in part in the State of Texas.

5. In response to the allegations of paragraph 5 of the Original Complaint, the Defendants maintain that venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

6. The allegations of paragraph 6 of the Original Complaint are admitted upon information and belief.

7. The allegations of paragraph 7 of the Original Complaint are admitted.

8. The allegations of paragraph 8 of the Original Complaint are admitted.

9. In response to paragraph 9 of the Original Complaint, Defendants admit that Holloway resides in Atlanta, Georgia and is a vocal performer. However, Defendants are without sufficient information to form a belief as to the rest of the allegations in paragraph 9 and therefore denies the same.

10. The allegations of paragraph 10 of the Original Complaint are admitted.

11. In response to paragraph 11 of the Original Complaint, Defendants admit that Yung Fly is incorporated in the State of Illinois and that it has its principal place of business in Chicago, Illinois. Defendants also admit that Yung Fly is a concert promotion company and promoted concerts with the service mark "Jade" on its flyers. However, Defendants are without sufficient information to form a belief as to the remaining allegations in paragraph 11 and therefore denies the same.

12. The allegations of paragraph 12 of the Original Complaint are admitted.

13. The allegations of paragraph 13 of the Original Complaint are admitted.

14. In response to paragraph 14 of the Original Complaint, Defendants admit that the three members of Jade parted ways in 1995 and pursued their individual career paths. However,

Defendants deny the allegation that none of the members of Jade appeared and held themselves out to be Jade since the dissolution of the band in 1995.

15. In response to paragraph 15, of the Original Complaint, Defendants Marshall and Harris deny that the talks of a reunion tour began in 2019. The remainder of the allegations in paragraph 15 are admitted.

16. The allegations of paragraph 16 of the Original Complaint are admitted.

17. The allegations of paragraph 17 of the Original Complaint are admitted.

18. In response to paragraph 18 of the Original Complaint, Defendants admit that Reed and Defendants Marshall and Harris were planning a reunion with Jade's original producers Benton and Spearman. However, Defendants are without sufficient information to form a belief as to the rest of the allegations is paragraph 18 and therefore denies the same.

19. In response to paragraph 19 of the Original Complaint, Defendants are without information sufficient to form a belief as to the truth or falsity of paragraph 19 of the Original Complaint and therefore denies the same.

20. In response to paragraph 20 of the Original Complaint, Defendants admit that the promotional materials for the three concerts contained the name Jade without Reed's participation and Holloway performed with Marshall and Harris instead. However, Defendants are without sufficient information to form a belief as to the remaining allegations contained in paragraph 20 and therefore denies the same.

21. In response to paragraph 21 of the Original Complaint, Defendants Shane and Yung Fly admit that the Jade mark was used in promotion, advertising, and sale of tickets for Jade performances. However, Defendants deny that Defendants Shane and Yung Fly adopted a counterfeit version of Jade.

22. In response to paragraph 22 of the Original Complaint, Defendants Shane and Yung Fly admit to Exhibit B as being their promotions for entertainment services under the Jade name. However, Defendants deny that such use is an infringing mark.

23. The allegations of paragraphs 23 of the Original Complaint are admitted.

24. The allegations of paragraphs 24 of the Original Complaint acknowledging the cease-and-desist letters are admitted. However, the Defendants deny the allegation that they ignored the letters.

25. In response to paragraph 25 of the Original Complaint, Defendants deny that the Defendants' activities had the effect of confusing fans of Jade as to the group's legitimacy and that Defendants ignored the demand. However, Defendants do admit to Exhibit D being received.

26. The allegations of paragraph 26 of the Original Complaint are admitted.

27. The allegations of paragraph 27 of the Original Complaint are admitted.

28. The allegations of paragraph 28 of the Original Complaint are admitted.

29. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 29 and therefore denies the same. However, Defendants Marshall and Harris do admit to not accounting to Reed any profits received.

30. Defendants are without sufficient information to form a belief as to the allegations of paragraph 30 of the Original Complaint and therefore denies the same.

31. The allegations of paragraph 31 of the Original Complaint are denied.

32. The allegations of paragraph 32 of the Original Complaint are denied.

33. The allegations of paragraph 33 of the Original Complaint are denied.

34. The allegations of paragraph 34 of the Original Complaint are denied.

35. The allegations of paragraph 35 of the Original Complaint are denied.

36. The allegations of paragraphs 36 of the Original Complaint are denied.

37. The allegations of paragraphs 37 of the Original Complaint are denied.

38. Defendants are without sufficient information to form a belief as to the allegations of paragraph 38 of the Original Complaint and therefore denies the same.

39. The allegations of paragraph 39 of the Original Complaint are denied.

40. The allegations of paragraph 40 of the Original Complaint are denied.

41. In response to paragraph 41 of the Original Complaint, Defendants deny that their actions have caused any actual confusion. However, Defendants are without information sufficient to form a belief as to the truth or falsity of the fact that Reed has received communications from other people through social media and other consumers about her participation in the kickback concerts.

42. The allegations of paragraph 42 of the Original Complaint are denied.

43. The allegation of paragraph 43 of the Original Complaint alleging willful abridgment of the trademark and publicity rights are denied.

## COUNT 1

### (Federal service mark infringement, 15 U.S.C. § 1114)

44. The allegations of paragraph 44 of the Original Complaint require no response.

45. The allegations of paragraph 45 of the Original Complaint are denied.

46. The allegations of paragraph 46 of the Original Complaint are denied.

47. The allegations of paragraph 47 of the Original Complaint are denied.

48. The allegations of paragraph 48 of the Original Complaint are denied. Defendants deny that Plaintiff is entitled to injunctive relief, actual damages, costs of the action, or attorney's fees.

## COUNT 2

**(Federal Unfair Competition and False designation of origin, 15 U.S.C. § 1125)**

49. The allegations of paragraph 49 of the Original Complaint require no response.

50. The allegations of paragraph 50 of the Original Complaint are denied.

51. The allegations of paragraph 51 of the Original Complaint are denied.

52. The allegations of paragraph 52 of the Original Complaint are denied.

53. The allegations of paragraph 53 of the Original Complaint are denied.

54. The allegations of paragraph 54 of the Original Complaint are denied.

55. The allegations of paragraph 55 of the Original Complaint are denied.

56. The allegations of paragraph 56 of the Original Complaint are denied. Defendants deny that Plaintiff is entitled to the relief requested in paragraph 56.

## COUNT 3

**(Federal Unfair Competition and False Advertising, 15 U.S.C. § 1125)**

57. The allegations of paragraph 57 of the Original Complaint require no response.

58. The allegations of paragraph 58 of the Original Complaint are denied.

59. The allegations of paragraph 59 of the Original Complaint are denied.

60. The allegations of paragraph 60 of the Original Complaint are denied.

61. The allegations of paragraph 61 of the Original Complaint are denied.

62. The allegations of paragraph 62 of the Original Complaint are denied.

63. The allegations of paragraph 63 of the Original Complaint are denied.

64. The allegations of paragraph 64 of the Original Complaint are denied.

## COUNT 4

**(Federal Service Mark Dilution, 15 U.S.C. § 1125)**

65. The allegations of paragraph 65 of the Original Complaint require no response.

66. The allegations of paragraph 66 of the Original Complaint are admitted.

67. The allegations of paragraph 67 of the Original Complaint are admitted.

68. The allegations of paragraph 68 of the Original Complaint are denied.

69. The allegations of paragraph 69 of the Original Complaint are denied.

70. The allegations of paragraph 70 of the Original Complaint are denied. Defendants deny that Plaintiff is entitled to the relief requested in paragraph 70.

## COUNT 5

### (Contributory Trademark Infringement)

71. The allegations of paragraph 71 of the Original Complaint require no response.

72. The allegations of paragraph 72 of the Original Complaint are denied.

73. The allegations of paragraph 73 of the Original Complaint are denied.

74. The allegations of paragraph 74 of the Original Complaint are denied.

75. The allegations of paragraph 75 of the Original Complaint are denied.

76. The allegations of paragraph 76 of the Original Complaint are denied.

77. The allegations of paragraph 77 of the Original Complaint are denied.

78. The allegations of paragraph 78 of the Original Complaint are denied and deny that Plaintiff is entitled to any relief mentioned in paragraph 78.

## COUNT 6

### (Vicarious Trademark Infringement against Defendants Marshall and Harris)

79. The allegations of paragraph 79 of the Original Complaint require no response.

80. The allegations of paragraph 80 of the Original Complaint are admitted.

81. The allegations of paragraph 81 of the Original Complaint are denied.

82. The allegations of paragraph 82 of the Original Complaint are denied.

83. The allegations of paragraph 83 of the Original Complaint are denied.

84. The allegations of paragraph 84 of the Original Complaint are denied.

85. The allegations of paragraph 85 of the Original Complaint are denied.

86. The allegations of paragraph 86 of the Original Complaint are denied.

## COUNT 7

### (Misappropriation of right of Publicity)

87. The allegations of paragraph 87 of the Original Complaint require no response.

88. In response to paragraph 88 of the Original Complaint, Defendants are without information sufficient to form a belief as to the truth or falsity of the fact that Reed has a commercial interest in her celebrity identity.

89. The allegations of paragraph 89 of the Original Complaint are denied.

90. The allegations of paragraph 90 of the Original Complaint are denied.

91. The allegations of paragraph 91 of the Original Complaint are denied.

92. The allegations of paragraph 92 of the Original Complaint are denied.

93. The allegations of paragraph 93 of the Original Complaint are denied.

94. The allegations of paragraph 94 of the Original Complaint are denied.

95. The allegations of paragraphs 95 of the Original Complaint are denied.

96. The allegations of paragraphs 96 of the Original Complaint are denied.

## COUNT 8

### (Common Law Trademark Infringement)

97. The allegations of paragraph 97 of the Original Complaint require no response.

98. The allegations of paragraph 98 of the Original Complaint are denied.

99. The allegations of paragraph 99 of the Original Complaint are denied.

100. The allegations of paragraph 100 of the Original Complaint are denied.

101. The allegations of paragraph 101 of the Original Complaint are denied.

102. The allegations of paragraph 102 of the Original Complaint are denied.

103. The allegations of paragraph 103 of the Original Complaint are denied.

## COUNT 9

**(Common law Unfair Competition)**

104. The allegations of paragraph 104 of the Original Complaint require no response.

105. The allegations of paragraph 105 of the Original Complaint are denied.

106. The allegations of paragraph 106 of the Original Complaint are denied.

107. The allegations of paragraph 107 of the Original Complaint are denied.

108. The allegations of paragraph 108 of the Original Complaint are denied.

109. The allegations of paragraph 109 of the Original Complaint are denied.

110. The allegations of paragraphs 110 of the Original Complaint for relief are denied.

## COUNT 10

**(Statutory Dilution, Tex. Bus. & Comm. Code §16.103)**

111. The allegations of paragraph 111 of the Original Complaint require no response.

112. The allegations of paragraph 112 of the Original Complaint are admitted.

113. In response to paragraph 113 of the Original Complaint, Defendants admit to the JADE mark being famous and distinctive prior to the promotion of and participation in 90s Kickback Concerts. However, Defendants deny that any wrongful acts have been performed.

114. The allegations of paragraph 114 of the Original Complaint are denied.

115. The allegations of paragraph 115 of the Original Complaint are denied.

116. The allegations of paragraph 116 of the Original Complaint are denied.

117. The allegations of paragraph 117 of the Original Complaint are denied.

## COUNT 11

### (Accounting)

118. The allegations of paragraph 118 of the Original Complaint require no response.

119. The allegations of paragraph 119 of the Original Complaint are denied.

120. In response to paragraph 120 of the Original Complaint, Defendants admit that Defendants Marshall and Harris are joint owners of the Jade mark. However, Defendants Marshall and Harris deny that the Defendants' use of the Jade mark entitles Reed to an accounting of any profits received from the use of the Jade mark.

121. The allegations of paragraph 121 of the Original Complaint are admitted.

122. The allegations of paragraph 122 of the Original Complaint are denied.

123. The allegations of paragraph 123 of the Original Complaint are admitted.

124. The allegations of paragraph 124 of the Original Complaint are denied.

125. The allegations of paragraph 125 of the Original Complaint are denied.

126. The allegations of paragraph 126 of the Original Complaint require no response.

127. Defendants deny that Plaintiff is entitled to the relief requested in her prayer for relief.

## II. AFFIRMATIVE DEFENSES

128. Defendants hereby state the following affirmative defenses to the causes of action alleged in the Plaintiff's Original Complaint:

**First Affirmative Defense**

129. An owner's claims against a co-owner for trademark infringement did not arise under the Lanham Act. *Piccari v. GTLO Productions, LLC,* 115 F. Supp. 3d 509 (E.D. Pa. 2015). Because Defendants Marshall and Harris are co-owners of Jade, they cannot be sued for trademark infringement under the Lanham Act.

**Second Affirmative Defense**

130. Lanham Act does not provide for action between co-owners of trademark for dilution of that mark. *Derminer v. Kramer*, 406 F. Supp. 2d 756 (E.D. Mich. 2005). The claims against Defendants in the Original Complaint fail for lack of Federal service mark dilution because Defendants Marshall and Harris are equal co-owners of the trademark along with Reed without any restrictions on their use. A copy of the true and correct copy of the trademark registration is attached hereto as Exhibit A.

**Third Affirmative Defense**

131. The Original Complaint should be dismissed for failure to state facts sufficient to constitute a cause of action for which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**Fourth Affirmative Defense**

132. The claims against the Defendants in the Original Complaint fail for lack of likelihood of confusion, mistake, or deception because, *inter alia*, the promotional materials used by the Defendants referred to Defendant Holloway as being a special guest or a guest appearance and was never disguised as Reed. True and correct screenshots of Defendants Marshall and Harris' website of their promotional materials are attached hereto as Exhibit B.

**Fifth Affirmative Defense**

133. The claims against the Defendants in the Original Complaint fail for lack of any misappropriation or unauthorized use of Reed's voice and likeness in commerce because the

Defendants Marshall, Harris, and Holloway sang live and did not use any lead vocals by Reed during their live performances.

**Sixth Affirmative Defense**

134.    Without some finding of an independent substantive tort or other illegal conduct, liability cannot be premised on the tort of unfair competition *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465 (5th Cir. 2000), and Reed does not have a substantive tort that can attach to the unfair competition claim asserted. Therefore, the claims against Defendants in the Original Complaint fail for lack of Unfair Competition because the claims for trademark infringement, dilution, and misappropriation will fail.

**Seventh Affirmative Defense**

135.    Plaintiff's claims are barred by the doctrine of Estoppel because since dissolution of the band in 1995, Reed has performed in Europe and other places since using the trademark Jade without asking for Defendants Marshall and Harris' approval. A true and correct screenshot and weblink of Reed's YouTube performance as Jade, without including Defendants Marshall and Harris is attached hereto as Exhibit C.

**Eighth Affirmative Defense**

136.    Even if Defendants' actions were construed to constitute a violation of any right allegedly own by Reed, such actions were innocent and were not taken with a deliberate intent to deceive and were not willful or wanton. As such, none of the Defendants are liable for any exemplary or enhanced damages because neither the Defendants nor any of its officers, managing agents, or directors acted intentionally, willfully, or wantonly to commit any infringing, unfair, tortious, or otherwise unlawful acts proscribed under federal law (the Lanham Act, 15 U.S.C. § 1051) or state law as alleged in the Original Complaint.

**Ninth Affirmative Defense**

137. Defendants reserve the right to assert any other affirmative defense pursuant to Rule 8(c) and 12, Fed. R. Civ. P., if facts are revealed during discovery that would support assertion of those defenses.

### III.    ORIGINAL COUNTERCLAIM

1. Defendants/Counter-Claimants Joi Marshall ("Marshall") and Tonya Harris ("Harris"), by its undersigned counsel, for their counterclaim against Plaintiff Di Reed ("Reed") alleges as follows:

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1332 Diversity Jurisdiction because all parties are from different states and the counterclaim is for damages exceeding $75,000. This court also has subject matter jurisdiction pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3. Personal jurisdiction in this district is proper pursuant to Fed. R. Civ. P. 13 because this is a compulsory counterclaim closely related to Plaintiff Reed's claim. The state law claim arises from the same operative facts as the substantiative and related federal claims.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

5. Marshall is an individual who resides in Atlanta, Georgia.

6. Harris is an individual who resides in Chicago, Illinois.

7. Upon information and belief, Reed is an individual who resides in Los Angeles, California.

## **FACTS**

8. The trio of Marshall, Harris, and Reed as Jade came to an end in February 1995.

9. Later in 1995, Harris received information from Susan Markheim, head of the international marketing dept. for Jade's record label Giant Records that Reed was performing in Europe as Jade.

10. In 2013, Marshall and Harris had several conversations with Reed wanting to plan a reunion of Jade to make new music and perform together.

11. Due to Reed's unreliability in following through on plans to perform with Marshall and Harris as Jade, Marshall and Harris looked for another vocal performer to help them conduct shows and found Holloway who agreed to be a work for hire and perform as Jade's special guest/guest appearance.

12. In February of 2021, Marshall scheduled a group meeting to try once again to create a Jade reunion to generate business income opportunities like reality TV shows and documentaries, but Reed was still nonresponsive to these offers.

13. Later in 2021, Marshall and Harris decided to collaborate with Shane for promotion of the Jade group to perform in the three 90s Kickback Concerts.

14. Knowing Reed would not follow through on plans for a reunion of the three members, Marshall and Harris hired Holloway to perform with them for these concerts where she was identified as a special guest and by her first name Myracle.

15. Shane scheduled time with iHeart radio to continue to promote the kickback concerts and received a call from Reed who intentionally stated that she wanted to perform with Jade.

16. Reed never expressed her intention to perform in the three kickback concerts to Marshall or Harris before calling Shane.

17. After Reed intentionally sent cease and desist letters to Shane to stop Marshall and Harris' contractual involvement with Shane, Shane and iHeart radio required further assurances from Marshall and Harris that they would be able to fulfill their contractual obligations.

18. Marshall and Harris were forced to incur substantial costs for an Intellectual Property Attorney to give assurances to Shane and iHeart radio that they were not breaking any laws by performing as Jade. A true and correct copy of the letter sent by Marshall and Harris' Attorney assuring Shane that there is no trademark infringement so he could continue to promote Jade in the concerts is attached hereto as Exhibit D.

19. In December of 2021, Reed called Marshall and Harris' agent, Jamal Williams, as well as Holloway, and Shane to convince them not to do business with Marshall and Harris again.

20. On December 3, 2021, a Houston Chronicle article was released depicting Reed's reasons as to why she was not performing with Jade at the kickback concerts. A true and correct screenshot of the article is attached hereto as Exhibit E.

21. As a result of Reed's intentional interferences with Marshall and Harris' contractual relations with Shane, Shane has not invited Marshall or Harris to participate in any more shows.

22. Also, because of Reed's intentional interference and filing of this lawsuit against Shane, any opportunities for shows with Shane are minimal to none for Marshall and Harris.

23. Marshall and Harris have also lost opportunities for future business relations to obtain employment as performers due to Reed's intentional interferences with Marshall and Harris' current contracts and through Reed's social media.

## COUNT 1 – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

24. Defendants/Counterclaimants, Marshall and Harris repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

25. Reed's intentional interference of Marshall and Harris' business relationship with Shane has caused them actual loss of prospective business opportunities. Reed's conduct thus constitutes tortious interference with prospective relations under Texas common law.

26. Marshall and Harris had a continuing business relationship with Shane which Reed knew about; and she intentionally made fraudulent statements about Marshall and Harris, such as always leaving her out of the group Jade to perform by themselves.

27. This behavior was intended to deteriorate Marshall and Harris' prospective business relations with Shane which proximately caused these damages.

28. Under the common law of Texas, Counterclaimants Marshall and Harris are entitled to damages for the lost benefits of contract including but not limited to their lost profits, exemplary damages, court costs, attorney's fees, together with prejudgment and post-judgment interest.

## DEMAND FOR JURY TRIAL

29. With respect to its claim, Defendants/Counterclaimants Marshall and Harris demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

30. Based on the foregoing, Defendants/Counterclaimants Marshall and Harris respectfully requests judgment in favor of Defendants/Counterclaimants Marshall and Harris on the one counterclaim and relief hereinabove requested.

31. WHEREFORE, having responded to the Original Complaint of Plaintiff Di Reed, Defendants Joi Marshall, Tonya Harris, Myracle Holloway, Olasheni Williams, and Yung Fly Entertainment, Inc. respectfully prays that the Original Complaint be dismissed and for such other relief as the Court deems just and proper.

Date: January 3rd, 2022

Respectfully submitted,

/s/ Jim B. Narvios
Jim B. Narvios
Attorney in Charge
State Bar No. 24123618
*Admitted pro hac vice*
Narvios Law Firm, PLLC
7324 Southwest Fwy., Suite 988
Houston, Tx 77074
(713) 999-9529 (Tel.)
Jim@NarviosLawFirm.com

**ATTORNEY FOR DEFENDANTS
JOI MARSHALL, TONYA HARRIS,
MYRACLE HOLLOWAY,
OLASHENI WILLIAMS, and
YUNG FLY ENTERTAINMENT, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM** has been served on Plaintiff's counsel, Justen S. Barks, Beard & Barks PLLC, P.O. Box 22171, Houston, TX 77227 via prepaid first-class mail, and/or electronic mail and/or in accordance with the Electronic Court filing system guidelines on January 3rd, 2022.

/s/ Jim B. Narvios
**Jim B. Narvios**