**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DI REED | § | |
|     *Plaintiff,* | § | Civil Action No. 4:21-cv-03942 |
| | § | |
| v. | § | |
| | § | |
| | § | **Judge: Sim Lake** |
| JOI MARSHALL, TONYA HARRIS | § | |
| A/K/A TONYA KELLY, MYRACLE | § | |
| HOLLOWAY, | § | |
|     *Defendants* | § | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. Defendants pursuant to Fed. R. Civ. P. 56(a) hereby asks this Court to grant summary judgment in Defendants' favor and to dismiss Plaintiff, Di Reed's ("Reed") Counts 1-11 contained in her Original Complaint as the undisputed facts prove that Defendants are entitled to judgment as a matter of law.

## I. INTRODUCTION

2. Plaintiff, comprising certain member of the R & B Group, "Jade" under the trademark formed by the original members of the band, has attempted to manufacture a dispute by asserting the "JADE" trademark against Joi Marshall ("Marshall") and Tonya Harris ("Harris") – who are equal share co-owners of the Mark.

3. The Plaintiff's case, however, rests on several legal and factual inaccuracies.

4. Most importantly, Plaintiff cannot bring federal trademark infringement claims against co-owners of the trademark. Courts, including this one, have repeatedly confirmed that trademark "owners" may only bring Lanham Act trademark disputes against non-owners.

5. According to The United States Patent and Trademark Office ("USPTO") Ser. No. 88-205,687, JADE was first in use and in commerce in 1992 and filed in 2018 by group members Di Reed, Joi Marshall, and Tonya Kelly.

6. Defendants, Joi Marshall and Tonya Kelly are still equal shareholders and co-owners to the trademark, Jade.

7. It is undisputed that Joi Marshall and Tonya Kelly own the Mark, both were owners of Jade when the Mark was registered, and Joi Marshall and Tonya Kelly are still owners of Jade.

8. Therefore, these Defendants cannot be liable for Contributory or Vicarious Trademark Infringement, Unfair Competition or False Designation of Origin, False Advertising, all arising from the Lanham Act (Counts 8, 9, 2, 3). Nor can they be held liable for the state law claims (Counts 7, 8, 9 10, 11).

9. Additionally, because Myracle Holloway ("Holloway") had permission to perform with Ms. Kelly and Ms. Marshall (owners of the Jade trademark), and there existed no Operating Agreement prohibiting this conduct, Ms. Holloway cannot be held liable for Federal Trademark Infringement, Unfair Competition or False Designation of Origin, False Advertising, Federal service mark Dilution all arising from the Lanham Act (Counts 1,2, 3, 4). Nor can she be held liable for the state law claims (Counts 7, 8, 9 10, 11).

10. Accordingly, this action should be dismissed in its entirety as this Court has subject matter jurisdiction over federal law claims and the Counts that arise out of the Lanham Act should be dismissed in the Defendants' favor as a matter of law.

## II. NATURE AND STAGE OF PROCEEDING

11.     On December 2, 2021, Plaintiff filed her Original Complaint against Defendants Marshall, Harris, Holloway, Olasheni Williams, and Yung Fly Entertainment, Inc. ("Defendants").[1]

12.     Defendants filed their Original Answer and Counterclaim for tortious interference with prospective business relations on January 3, 2022.[2]

13.     On January 24, 2022, Plaintiff filed a motion to dismiss the Counterclaim pursuant to a Federal Rule of Civil Procedure 12(b)(6).[3]

14.     On February 14, 2022, Defendants filed a response to the Plaintiff's 12(b)(6) motion.[4] On March 16, 2022, this Court entered a Memorandum Opinion and Order denying Plaintiff's Motion to Dismiss pursuant to Rule 12(b)(6).[5]

15.     On April 29, 2022 Defendants filed a motion to dismiss the claims contained in the Plaintiff's Original Petition.

16.     Defendants then filed a request to withdraw their 12(b)(6) motion to reserve their right to file a Motion for Summary Judgment.

17.     The request was granted.

18.     Mediation before the Magistrate Judge were completed and Defendants Olasheni Williams and Yung Fly Entertainment, Inc were dismissed from the lawsuit.

19.     Subsequent efforts to settle outside of Court have not been successful. Defendants Marshall, Kelly, and Holloway remain in this lawsuit.

---

[1] Docket Entry No. 1
[2] Docket Entry No. 22
[3] Docket Entry No. 23
[4] Docket Entry No. 24
[5] Docket Entry No. 25

20.     Docket Call is set for July 14, 2023.

### III. <u>SUMMARY JUDGMENT EVIDENCE</u>

21.     Under FRCP 56(c),[6] Defendants show no genuine issue of material facts by supporting their motion with evidence in the attached appendix, which is incorporated by reference into the motion. The motion for summary judgment is based on the following evidence:

a.  Exhibit A: The registered service mark of Jade registered on June 25, 2019 – establishes the undisputed fact that Ms. Reed, Ms. Marshall, and Ms. Kelly are all 3 co-owners of the trademark.

b.  Exhibit B: A shot of Ms. Reed on a YouTube video holding herself out as a member of Jade without Ms. Marshall or Ms. Kelly. This establishes the undisputed fact that Ms. Reed has at least on one occasion held herself out as a member of Jade without the other two members.

c.  Exhibit C: Promotional materials showing Holloway identified by her name and not Di Reed.

d.  Exhibit D: Letter from an Intellectual Property Attorney hired by Marshall and Kelly to show third parties, like Holloway that they can use the trademark Jade without Reed.

### IV. <u>RELEVANT FACTUAL BACKGROUND</u>

22.     Plaintiff filed this action against two of its shareholders/co-owners and band members, Joi Marshall and Tonya Kelly, alleging that the defendants had unauthorized use of the mark "JADE" in connection with the marketing, advertising, promotion, offering in sale, and/or sale of Defendants live entertainment services and unauthorized use of Plaintiff's celebrity

---

[6] A party asserting that a fact cannot be or is genuinely disputed must support the assertion by... showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56

identity, in violation of JADE's trademark rights, Section 32(1), and Section 43(c) of the Lanham Act (OC 1, ¶¶ 1). Plaintiff also named Holloway and Olasheni Williams as defendants (*Id*., ¶¶ 9-10).

23. JADE began as an R&B group in the 1990s and became very successful including charting in the Billboard Hot 100 with several single releases.

24. Since 1995, the group pursued individual career paths.

25. All three founding members of Jade registered the Mark in the United States Patent and Trademark Office ("USPTO") in 2019. *See* Exhibit A.

26. There has never been an Operating Agreement to govern how each co-owner would use the JADE trademark.

27. The Plaintiff, an original member of the group, has at least once, held herself out to be a group member of Jade without the involvement of Ms. Harris or Ms. Marshall under the mark JADE. *See* Exhibit B.

28. Ms. Kelly and Ms. Marshall have tried on various occasions to have Ms. Reed accompany them to perform at events.

29. Because of her unwillingness to participate in the past, Ms. Kelly and Ms. Marshall hired Ms. Holloway as a work-for hire so that they could perform and use their JADE mark as co-owners.

30. Ms. Holloway has never gone by Ms. Reed and continues to represent herself as Myracle Holloway while performing with Ms. Kelly and Ms. Marshall. *See* Exhibit C.

31. Ms. Holloway has not performed as JADE without Ms. Kelly or Ms. Marshall.

32. Ms. Holloway has always relied on their permission as co-owners of JADE to perform JADE songs.

33. Ms. Kelly and Ms. Marshall hired an Intellectual Property attorney to make sure Ms. Holloway was in no way infringing or diluting or falsely advertising Jade. See Exhibit D.

## V. SUMMARY JUDGMENT STANDARD

34. Summary judgment is proper if the movant shows that there are no genuine disputes of material fact and that the movant is entitled to judgment as a matter of law.[7]

35. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.[8]

36. If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.[9]

37. A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[10]

38. Factual controversies are resolved in favor of party opposing motion for summary judgment, but only when there is actual controversy, i.e., when both parties have submitted evidence of contradictory facts.[11]

## VI. LEGAL BACKGROUND

39. Trademark owners cannot bring Lanham Act violation claims against co-owners of the mark. *Derminer v. Kramer*, 406 F. Supp. 2d, 756, 758 (E.D. Mich. 2005); *Piccari v. GTLO Prods. LLC*, 115 F.Supp.3d, 509, 513–17 (E.D. Penn. 2015).

---

[7] FRCP 56(a); *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[8] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Lujan*, 497 U.S. at 885–86, 110 S.Ct. at 3187).
[9] *Id*. (citing *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54).
[10] *Donahue v. Makar Installations, Inc.,* 33 F.4th 245, 249 (5th Cir. 2022) (referencing *Harville v. City of Houston*, Mississippi, 945 F.3d 870, 874 (5th Cir. 2019)).
[11] *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (citing Fed.Rules Civ.Proc.Rule 56(c) and 28 U.S.C.A.).

40.     28 U.S.C. § 1338 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

41.     Accordingly, complaints that fail to state a claim "arising under" the Lanham Act, which is the federal statute that governs trademarks, service marks, and unfair competition, should be dismissed because the court lacks subject matter jurisdiction. *See*, *e.g.*, *Derminer*, 406 F. Supp. 2d at 758 (dismissing claims that did not arise under the Lanham Act for lacking subject matter jurisdiction); *Piccari*, 115 F.Supp.3d at 513–17 (same).

42.     Federal courts only have subject matter jurisdiction to hear state law claims when the court has original jurisdiction if the state law claims, "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

43.     "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010); 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction").

## VII.     ARGUMENTS

### A.     Plaintiffs' Lanham Act Claims Fail Because Plaintiff Cannot Bring an Action Against Co-Owners of The Trademark.

44.     Counts 1 through 6 of the Original Complaint should be dismissed because Plaintiff has failed to plead a claim arising under the Lanham Act.

**1. Plaintiff Cannot Bring Lanham Act Claims against Trademark Co-owners.**

45. As has been repeatedly determined by courts in this circuit and across the country, trademark owners cannot bring Lanham Act violation claims against co-owners of the mark. *See, e.g.*, *Derminer*, 406 F. Supp. 2d at 758; *Piccari*, 115 F.Supp.3d at 513–17.

46. For example, in *Derminer*, Judge Feikens analyzed the Lanham Act and determined that "plain language of [the Lanham Act] provisions appears to me to distinguish between 'the mark's owner' and the person against whom an action may be brought." *Derminer*, 406 F. Supp. 2d at 758.

47. Thus, Judge Feikens reasoned that "the language of the statute makes clear that Congress never intended to create a trademark dilution cause of action between owners." *Id*. Accordingly, Judge Feikens explained:

> Therefore, I find that under the plain meaning of the statute, an action between co-owners of a trademark for dilution of that mark under 15 U.S.C. § 1125(c) is not permitted. Like an action for trademark infringement by a co-owner, the claim is best understood as an action for an accounting that arises under state contract law, not under the Lanham Act.

*Id*.

48. In that case, Judge Feikens had already determined that the other trademark claims should be dismissed because the parties were co-owners of the mark and therefore the claims did not arise under the Lanham Act. *See Derminer v. Kramer*, 386 F.Supp.2d at 911–13.

49. Similarly, in *Piccari*, the court considered the text of the Lanham Act and related case law. There, the court noted that the Supreme Court has observed that "[r]egistration of a mark under § 2 of the Lanham Act, 15 U.S.C. § 1052, enables the *owner* to sue an *infringer* under § 32, 15 U.S.C. § 1114." *Piccari*, 115 F.Supp.3d at 514 (quoting *Wal–Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000) (emphasis added in *Piccari*)).

50. The court explained that "[t]his distinction between an 'owner' and an 'infringer' is consistent with the statute's expressly stated purpose." *Id*.

51. Then, the court considered the purpose and application of the Lanham Act as well as several other sources, including the preeminent J. McCarthy on Trademarks and Unfair Competition, which all confirmed that trademark claims between co-owners should be dismissed for lacking subject matter jurisdiction because the claims do not arise under the Lanham Act. *Id*. at 514–17; *See* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 16:40 (5th ed.).

**2. Joi Marshall and Tonya Harris are Co-Owner of The Mark.**

52. It is undisputed that Joi Marshall and Tonya Harris are equal co-owners of the Mark, both were members of JADE at the time of the trademark application, and both are still a member of JADE. Thus, Joi Marshall and Tonya Harris are co-owners of the Mark.

53. Plaintiff admits that Marshall and Harris are join-owners of the JADE Mark. (OC No. 1, ¶ 20 (citing OC 120)).

54. Plaintiff also admits that in 2019, the JADE Mark was registered with the USPTO. (*Id. 16)*

55. Plaintiff has not and cannot allege that there has been any transfer of ownership of the trademark from Marshall and/or Harris.

56. Accordingly, it is undisputed that the Marshall and Harris is a member of JADE and co-owners of the Mark.

57. Plaintiff also has not alleged (and cannot) that Marshall or Harris ever left JADE.

58. Accordingly, Plaintiff cannot show that Marshall and Harris are not a co-owner of JADE and thus, consequently a co-owner of the Mark.

59. Therefore, on these undisputed facts alone, Plaintiff's claim should be dismissed for lack of subject matter jurisdiction.

60. Nonetheless, Plaintiff alleges that Marshall and Harris are liable for trademark infringement because they allegedly used the mark without the Plaintiff's authorization. This does not resolve the problems of trademark co-ownership for at least two reasons.

61. First, even if all of the allegations contained in the complaint were true, Plaintiff has failed to show that Marshall and Harris ever left or disowned their equal co-ownership of the Mark, JADE.

62. The Company, JADE, and the group, JADE, are not the same. While the original members of JADE were the founding members of the mark JADE, ownership in a corporation is not the same as membership in a band.

63. Corporation ownership includes contractual rights that have not been addressed.

64. Accordingly, the Plaintiff's departure from the band would *not* affect any one of the group member's ownership interest in JADE and the Mark.

65. Second, Plaintiff misrepresents the facts regarding her involvement with the group.

66. In fact, it is unclear specifically when the chain of events that led up to the Plaintiff's noninvolvement with any of the recent performances.

67. Not only does Plaintiff misrepresent the content of the February 2021 and April 2021 communications with Jade's original producers, but she fails to address that the very correspondence she alleges to have estopped was caused by her own volition.

68. Moreover, the Plaintiff continued to play without the other group members by herself and even appeared on major platforms such as DJ Cassidy's Pass the Mic YouTube segment under the Mark.

69. Specifically, Plaintiff misrepresented the substance of her conversation with Jade's original producers in February 2021 and April 2021 that the Plaintiff stopped receiving correspondence about the reunion.

70. Despite being invited to the discussions, the Plaintiff was unresponsive and did not attend any of the scheduled meetings. She was failed to attend major meetings, caused lost opportunities, and constantly made excuses. Plaintiff failed to explain why she was unresponsive, irresponsible and lacked communication. After many years and many failed attempts to involve the Plaintiff, Marshall and Harris made a business decision based on their rightful co-ownership of the Mark and move forward without her.

71. Further, Plaintiff's reliance on Defendants, Holloway and Williams to prove that Marshall and Harris infringed on the JADE Mark is misplaced.

72. After the Plaintiff first heard that the Marshall and Harris were moving forward with their performance plans, the Plaintiff sent several cease-and-desist letters and made several attempts to paint the false narrative that unbeknownst to her, she was being "left out". Upon receiving these letters, Harris and Marshall hired a Intellectual Property Law Firm, Nixon Peabody to confirm their legal rights to perform under the JADE Mark and provide this confirmation to Holloway and Williams.

73. Relying on this confirmation, Holloway and Williams felt secure to move forward with the "90's kickback show" that the Plaintiff alleges to be an infringement of her trademark rights.

74. Marshall, Kelly, and Reed are all equal joint owners of U.S Trademark Registration No. 5,787,227 for the mark JADE. Thus, Holloway as a "work for hire singer" would not be

vicariously liable for any trademark infringement because Marshall and Harris are co-owners to a trademark, JADE.

75. This case is distinguishable from cases like *Commodores*, because there is no dispute concerning *common law trademark ownership*. In *Commodores*, the remaining members of the band filed for the trademark *after* the defendant left the band. *Commodores Entertainment Corp. v. Thomas McClary, Fifth Ave. Entertainment, LLC, No*. 14-14883 (11th Cir. April 15, 2016). Accordingly, there was a dispute regarding which party owned the common law rights to the mark.

76. Here, there is no dispute that Marshall and Harris have ownership rights in the Mark, because it is a registered trademark owned by Marshall, Harris and Reed.

**B.      Plaintiff 's Lanham Act claims against Defendant Holloway fail because she received permission from two owners of the JADE mark to use it and only used the mark when performing with the two owners.**

77. Plaintiff's Counts 1 through 4 against Holloway should be dismissed because Plaintiff failed to plead a claim arising under the Lanham Act.

**1.  Joi Marshall and Tonya Harris are Co-Owner of The Mark.**

78. The facts and authorities establishing that Marshall and Harris are co-owners of the Jade mark and cannot be sued under the Lanham Act was explained above.

79. Now, because Marshall and Harris were co-owners and had no Operating Agreement delineating how they were to use the service mark, Marshall and Harris had a right to perform with the Jade mark and substitute a performer for Ms. Reed. Marshall and Harris hired Holloway as a work-for-hire to perform with them because they were unable to get Reed to cooperate.

80. Marshall and Harris did not hide the fact that Ms. Holloway was in fact, Myracle Holloway.

81.     It is not disputed that Ms. Holloway used the Jade mark without Ms. Marshall or Ms. Harris who were owners of the trademark.

82.     Ms. Holloway never used the Jade mark without Ms. Marshall or Ms. Harris. Ms. Holloway has never gone by Ms. Reed and continues to represent herself as Myracle Holloway while performing with Ms. Kelly and Ms. Marshall.

83.     Therefore, because Holloway relied on the express permission of Marshall and Harris to perform Jade songs, Holloway cannot be held liable for Federal Trademark Infringement, Unfair Competition or False Designation of Origin, False Advertising, and Federal service mark Dilution all arising from the Lanham Act (Counts 1,2, 3, 4).

**C.     Plaintiffs' Remaining Claims against all Defendants Fail Because There Is No Supplemental Jurisdiction.**

84.     Plaintiff's remaining Counts, Counts 7-11, arise under Texas state laws. Plaintiff admits that the only basis for subject matter jurisdiction for these claims is supplemental jurisdiction based on purported original jurisdiction for its Lanham Act claims. (OC No. 1, ¶ 9). Accordingly, because Plaintiff has failed to plead any claims with original jurisdiction, there is no basis for supplemental jurisdiction and these claims should be dismissed.[12]

85.     After dismissal of the Lanham Act claims, only state law claims remain, and because Defendants Marshall, Harris, and Holloway are not liable on the Lanham Act claims, they cannot be held liable for the state law claims (Counts 7, 8, 9 10, 11). Therefore, these Counts must be dismissed for all Defendants.

**D.     Count 9 for Common Law Unfair Competition and False Designation of Origin fails against all Defendants because Counts 1, 3, 4, 5, and 6 fail to arise from the Lanham Act.**

---

[12] *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010); 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction").

86.     Without some finding of an independent substantive tort or other illegal conduct, liability cannot be premised on the tort of unfair competition.[13]

87.     Reed does not have a substantive tort that can attach to the unfair competition claim asserted.

88.     Therefore, the claims for Unfair Competition against Defendants Marshall, Kelly, and Holloway fail because the Lanham Act claims for trademark infringement and dilution fail.

## VIII.     ALTERNATIVE REQUEST FOR PARTIAL RELIEF

89.     Defendant asserts that, by the attached summary judgment evidence, that they have met their burden of proof that there are no genuine issues of material fact and are entitled to judgment as a matter of law.

90.     If the Court determines otherwise, however, Defendants respectfully requests that the Court enter an order granting partial summary judgment to dispose of Counts 2, 3, 5, 6, 7, 9, 10, and 11 as to Defendants Marshall and Harris.

## IX.     CONCLUSION

91.     For the foregoing reasons, Defendants respectfully request that this Court grant the Motion for Summary Judgment to Dismiss Plaintiff's Complaint against Joi Marshall, Tonya Harris, and Myracle Holloway.

92.     Defendants ask the Court to dismiss Counts 1-6 with prejudice. Defendants also respectfully requests that this Court dismiss Counts 7-11 without prejudice because of lack of supplemental jurisdiction and lack of subject matter jurisdiction.

Dated: June 19, 2023

---

[13] *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465 (5th Cir. 2000).

Respectfully submitted,

<span style="text-decoration: underline;">/s/ Jim Narvios</span>
State Bar No: 24123618
7324 Southwest Freeway Suite 988
Houston, TX 77074
(713) 999-9529 (Tel.)
Jim@narvioslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** has been served on Plaintiff's counsel, Justen S. Barks, Beard & Barks PLLC, P.O. Box 22171, Houston, TX 77227 in accordance with the Electronic Court filing system guidelines on June 19, 2023.

/s/ Jim B. Narvios

**Jim B. Narvios**
